TRINA A. HIGGINS, United States Attorney (#7349)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED US District Court-UT
MAY 18 '22 PM01:28

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Vios. |
| vs. | 18 U.S.C. § 157(2), Bankruptcy Fraud (Count 1); |
| | 18 U.S.C. § 152(1), Concealment (Count 2); |
| RICHARD VILLANUEVA MITCHELL, | 18 U.S.C. § 152(3), False Bankruptcy Declaration (Count 3); |
| Defendant. | 18 U.S.C. § 152(2), False Bankruptcy Oath (Count 4); |
| | 18 U.S.C. § 152(6), Bribery in Bankruptcy (Count 5) |
| | Case: 2:22-cr-00173 |
| | Assigned To : Parrish, Jill N. |
| | Assign. Date : 5/18/2022 |

The Grand Jury charges:

The Bankruptcy Process

1.  A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called "Schedules," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

4. In a chapter 13 case, the debtor, under the supervision of the chapter 13 trustee, is given the opportunity to offer a repayment plan to creditors while retaining their assets.

5. In a chapter 7 case, a bankruptcy trustee is assigned to the bankruptcy case, the trustee is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules, and the Statement of Financial Affairs.

6. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true

and accurate picture of his or her financial affairs.

## Background

7.  On May 11, 2017, the defendant filed a voluntary individual chapter 13 petition in the United States Bankruptcy Court in the District of Utah.

8.  On May 25, 2017, the defendant filed his Statement of Financial Affairs and Schedules under penalty of perjury. On the same date, the case was converted to a chapter 7 case. A chapter 7 trustee was appointed trustee of the case on May 26, 2017.

9.  Between June 2012 and October 2015, the defendant purchased several hundred dishwashers, refrigerators, washers, dryers, and ranges worth hundreds of thousands of dollars (the "Appliances") with money borrowed from B.E.T.

10. On or about October 23, 2015, the defendant leased several storage trailers from Gordon Jensen Storage Trailer Rentals and placed the majority of the Appliances in three of the trailers located at the Gordon Jensen Trucking facility ("Trailers 1-3").

11. The defendant stored the remainder of the Appliances, approximately 65 ranges (the "Ranges"), in a separate trailer ("Trailer 4" and, together with Trailers 1-3, the "Trailers") located near the defendant's showroom.

12. On or about April 22, 2016, the defendant told B.E.T. the Appliances were stored in the Trailers. B.E.T. took possession of Trailer 4 and the Ranges inside of Trailer 4 on or about April 29, 2017.

## COUNT 1
## 18 U.S.C. § 157
## (Bankruptcy Fraud)

*The Scheme to Defraud*

3

13. Beginning on or about April 29, 2017, and continuing through at least on or about November 2, 2017, defendant Richard Villanueva Mitchell, devised, intended to devise, and participated in a scheme to defraud the bankruptcy court, the bankruptcy trustee, and his creditors through bankruptcy proceedings under Title 11, United States Code.

14. It was part of the scheme that the defendant would, before and after the filing of bankruptcy, conceal several hundred appliances such as dishwashers, refrigerators, washers, dryers and ranges.

15. It was further part of the scheme that the defendant would, before filing bankruptcy, sign his Chapter 13 Petition under penalty of perjury falsely stating in response to question 9 UCC [18] of the Petition that his estimated assets were worth between $0 and $50,000.

16. It was further part of the scheme that the defendant would, after filing bankruptcy, sign his Statement of Financial Affairs and Schedules under penalty of perjury stating that the information contained in these documents was true and correct.

17. It was further part of the scheme that the defendant would, after filing bankruptcy, fail to disclose the Appliances as required by questions 37 and 53 of Schedule A/B of the Schedules of Assets and Liabilities.

18. It was further part of the scheme that the defendant would, after filing bankruptcy, list B.E.T. as an unsecured creditor on Schedule E/F and fail to disclose the basis for his obligation to B.E.T. of $560,000 and that he had granted B.E.T. a security interest in the Appliances.

19. It was further part of the scheme that the defendant would, after filing bankruptcy,

fail to disclose he had leased storage trailers with Gordon Jensen Storage Trailer Rentals as of the date he filed bankruptcy, in response to Executory Contracts on Schedule G of the Schedules.

20. It was further part of the scheme that the defendant would, after filing bankruptcy, fail to disclose he had transferred the Ranges to B.E.T. on April 29, 2017 in response to Question 18 of the Statement of Financial Affairs whether he had "[w]ithin 2 years before [he] filed for bankruptcy, did [he] sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of business or financial affairs."

21. It was further part of the scheme that the defendant would, after filing bankruptcy, fail to disclose that as of the date he filed bankruptcy, he had stored the Appliances in storage unit trailers with Gordon Jensen Storage Trailer Rentals in response to Question 22 of the Statement of Financial Affairs.

22. It was further part of the scheme that the defendant would, after the filing of bankruptcy, testify under oath at his first meeting of creditors that he had read and signed his Statement of Financial Affairs and Schedules, and the information contained in these documents was true and correct.

23. It was further part of the scheme that the defendant would, after the filing of bankruptcy, falsely testifying under oath in a proceeding before the chapter 7 trustee at a meeting of creditors as underscored below:

> TRUSTEE: So are there any assets remaining from any of these businesses?
>
> MR. MITCHELL: No, sir.
>
> TRUSTEE: Any accounts receivable people?

> MR. MITCHELL: Oh, I owe so much.
>
> (Multiple voices.)
>
> TRUSTEE: People that owe your businesses money?
>
> MR. MITCHELL: No.

24. It was further part of the scheme that the defendant would, after the filing of bankruptcy, attempt to sell the Appliances with B.E.T. without the knowledge of the bankruptcy trustee or approval of the bankruptcy court.

25. It was further part of the scheme that the defendant would, after filing bankruptcy, invite B.E.T. to participate with him in a "Plan of Action" or "project" to defraud the defendant's creditors by selling the Appliances and keeping and concealing some or all of the sale proceeds without the knowledge of the Trustee or the Court.

26. It was further part of the scheme that the defendant would, after filing bankruptcy, state to B.E.T. that the Appliances in Trailers 1-3 "are safe as is" at the Gordon Jensen Trucking facility, and "[n]o one is aware at this point with the exception of you."

27. It was further part of the scheme that the defendant would, after filing bankruptcy, warn B.E.T. "[i]f these items are reported, the bankruptcy court may attempt to gather items.... Once that happens, monies gathered from a sheriff's sale (the lowest possible auction), then those proceeds will be divided equally amongst those in the bankruptcy."

28. It was further part of the scheme that the defendant would, after filing bankruptcy, state to B.E.T.:

> If we can trust one another to the end, you will receive your monies, and I will be able to salvage my career somewhat.... If there is a possibility of fraud here, that that [sic] is me trying to protect you.... Selling for a profitable amount to get your

monies is not an issue, your [sic] concerned you may never be able to sell (?), that [it] is absolutely necessary to report assets to the court (?), and other ideals you may be entertaining – but I am here to tell you the plan will work. If you decide not [to] protect your interests along with mine, than [sic] we already know what the outcome will be. They will take it.

I feel that it is necessary to keep our thoughts cool, loose lips sink ships is how I see it. I want to help you, but it only works with the two of us working together. Selling without profit will not help you either.

29. It was further part of the scheme that the defendant would, after the filing of bankruptcy, testify under oath at his 2004 Examination that the information contained in his Statement of Financial Affairs and Schedules was true and correct.

*Execution of the Scheme*

30. Between on or about April 29, 2017, and on or about November 2, 2017, in the District of Utah,

**RICHARD VILLANUEVA MITCHELL,**

the defendant herein, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed a Petition, Statement of Financial Affairs and Schedule under Title 11, namely, a Chapter 7 [13, CMC] Petition, in the United States Bankruptcy Court for the District of Utah, *In re Richard Villanueva Mitchell*, Case No. 17-24099; all in violation of 18 U.S.C. § 157(1).

**COUNT 2**
**18 U.S.C. § 152(1)**
**(Concealment)**

31. The grand jury incorporates by reference paragraphs 1 through 30 as if fully stated herein.

32. Between on or about April 29, 2017, and on or about November 2, 2017, in the

District of Utah,

**RICHARD VILLANUEVA MITCHELL,**

the defendant herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of Richard Villanueva Mitchell and the chapter 7 trustee approximately 174 dishwashers, 34 Amana washers, 162 Amana dryers and 115 Amana ranges worth tens of thousands of dollars, which were property belonging to the bankruptcy estate of *Richard Villanueva Mitchell*, Case No. 17-24099; all in violation of 18 U.S.C. § 152(1).

**COUNT 3**
**18 U.S.C. § 152(3)**
**(False Bankruptcy Declaration)**

33. The grand jury incorporates by reference paragraphs 1 through 32 as if fully stated herein.

34. On or about May 25, 2017, in the District of Utah,

**RICHARD VILLANUEVA MITCHELL,**

the defendant herein, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury under section 1746 of Title 28 in and in relation to a case under Title 11, *In re Richard Villanueva Mitchell*, Case No. 17-24099, by filing and causing to be filed the Statement of Financial Affairs and Schedules, in which the defendant fraudulently omitted to disclose (i) the Appliances as required by questions 37 and 53 of Schedule A/B of the Schedules; (ii) a storage trailer lease Gordon Jensen Storage Trailer Rentals as required by Schedule G of the Schedules and (iii) storage of property in storage units Gordon Jensen Storage Trailer Rentals as required by Question 22 of the Statement of Financial Affairs; all in violation of 18 U.S.C. § 152(3).

## COUNT 4
## 18 U.S.C. § 152(2)
### (False Bankruptcy Oath)

35. The grand jury incorporates by reference paragraphs 1 through 34 as if fully stated herein.

36. On or about July 17, 2017, in the District of Utah,

**RICHARD VILLANUEVA MITCHELL,**

the defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *In re Richard Villanueva Mitchell*, Case No. 17-24099, by falsely testifying under oath in a proceeding before the chapter 7 trustee at a meeting of creditors as underscored below:

> TRUSTEE: So are there any assets remaining from any of these businesses?
>
> MR. MITCHELL: No, sir.
>
> TRUSTEE: Any accounts receivable people?
>
> MR. MITCHELL: Oh, I owe so much.
>
> (Multiple voices.)
>
> TRUSTEE: People that owe your businesses money?
>
> MR. MITCHELL: No.

The defendant made the foregoing false declarations knowing full well that he had approximately 174 dishwashers, 34 Amana washers, 162 Amana dryers and 50 Amana ranges worth tens of thousands of dollars, property belonging to the bankruptcy estate; all in violation 18 U.S.C. § 152(2).

9

## COUNT 5
## 18 U.S.C. § 152(6)
### (Bribery in Bankruptcy)

37.     The grand jury incorporates by reference paragraphs 1 through 36 as if fully stated herein.

39.     Between on or about October 3, 2017, and on or about October 4, 2017, in the District of Utah, and elsewhere,

**RICHARD VILLANUEVA MITCHELL,**

the defendant herein, and others known to the grand jury, did knowingly and fraudulently attempt to give and offer money, property, remuneration, compensation, reward, advantage and promise thereof for forbearing to act in a case under Title 11, that is, he offered to share the sale proceeds from the sale of approximately 174 dishwashers, 34 Amana washers, 162 Amana dryers and 50 Amana ranges worth tens of thousands of dollars, property belonging to the bankruptcy estate with B.E.T. in exchange for B.E.T.'s agreement he would not report the Appliances to the bankruptcy trustee; all in violation of 18 U.S.C. § 152(6).

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of any offense violating 18 U.S.C. § 152, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud.  The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).
- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney