## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **RICHARD VILLANUEVA MITCHELL**, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:22-CR-00173-JNP <br><br> District Judge Jill N. Parrish |

This memorandum decision and order addresses six pre-trial motions and objections upon which the court held oral argument at the Final Pre-Trial Conference on March 12, 2024. Specifically, this order addresses (I) the United States's motion for leave to dismiss Counts 2 and 4 (ECF No. 69) and Defendant's amended motion to dismiss Counts 2–4 (ECF No. 57); (II) Defendant's motion *in limine* (ECF No. 52) and the United States's motion *in limine* (ECF No. 54); (III) the United States's objections to the Defendant's notice of expert testimony (ECF No. 53); and (IV) the United States's motion to compel Defendant to provide notice of his intent to rely on an advice-of-counsel defense (ECF No. 49).

**FACTUAL BACKGROUND**

Between June 2012 and October 2015, Defendant purchased several hundred dishwashers, refrigerators, washers, dryers, and ranges (the "Appliances") with money borrowed from B.E.T. ECF No. 1, ¶ 9. In October 2015, Defendant leased several storage trailers from Gordon Jensen Storage Trailer Rentals and placed a majority of the Appliances in three trailers located at the Gordon Jensen Trucking facility. *Id.* ¶ 10. The remaining Appliances included 65 ranges, which Defendant stored in a separate trailer near his showroom. *Id.* ¶ 11. Around April 22, 2016,

Defendant told B.E.T. that he had stored the Appliances in these trailers and B.E.T. took possession of the 65 ranges stored in a separate trailer on or about April 29, 2017. *Id.*, ¶ 12.

On May 11, 2017, Defendant filed a voluntary individual Chapter 13 petition in the United States Bankruptcy Court in the District of Utah. *Id.*, ¶ 7. Two weeks later, Defendant filed his Statement of Financial Affairs and Schedules under penalty of perjury. *Id.* ¶ 8. Defendant's case was converted to a Chapter 7 case and a Chapter 7 Trustee was appointed on May 26, 2017. *Id.*

On May 18, 2022, a grand jury charged the Defendant with one count of bankruptcy fraud in violation of 18 U.S.C. § 157(1) ("Count One"), one count of concealment in violation of 18 U.S.C. § 152(1) ("Count Two"), one count of making a materially false declaration in violation of 18 U.S.C. § 152(3) ("Count Three"), one count of making a material false statement under oath in violation of 18 U.S.C. § 152(2) ("Count Four"), and one count of bribery in bankruptcy in violation of 18 U.S.C. § 152(6) ("Count Five").  The charges against the Defendant arise out of his failure to disclose the Appliances to the Bankruptcy Court and other related conduct.

## I.  MOTION TO DISMISS

Before the court is Defendant's amended motion to dismiss Counts 2–4 of the indictment. ECF No. 57. The United States opposes Defendant's motion. *See* ECF No. 76. The United States also moved for leave to dismiss Counts 2 and 4 of the indictment, intending to proceed to trial only on Counts 1, 3 and 5. ECF No. 69 (citing Fed. R. Crim. P. 48(a) ("The government may, with leave of court, dismiss an indictment, information, or complaint.")). The court grants the United States's motion for leave to dismiss Counts 2 and 4. The remaining question, therefore is whether Counts 1 and 3 are impermissibly duplicitous for the reasons set forth in Defendant's amended motion to dismiss. For the reasons stated herein, Defendant's amended motion to dismiss Count 3 on this basis (ECF No. 57) is DENIED.

### A.  STANDARD OF REVIEW

"The Federal Rules of Criminal Procedure encourage the pretrial resolution of a number of important, and even some potentially dispositive, matters." *United States v. Pope*, 613 F.3d 1255, 1258 (10th Cir. 2010). Rule 12 authorizes parties to raise pretrial motions "that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b). At the pretrial stage, the district court may only dispose of motions that do not require a determination of "guilt or innocence." *Pope*, 613 F.3d at 1259 (citation omitted). "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Id.* The court should not invade the role of the jury by holding a "mini-trial" prior to the actual trial. *Id.* In considering a pre-trial criminal motion to dismiss, the court accepts all well-pled allegations in the indictment as true. *United States v. Sampson*, 371 U.S. 75, 78–79 (1962). The court may dismiss a charged offense if the facts alleged in the indictment fail to establish the elements of the offense. *United States v. King*, 581 F. 2d 800, 802 (10th Cir. 1978). "But [an indictment] may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence." *Id.*

### B.  ANALYSIS

Defendant seeks dismissal of Count 3 of the indictment on the basis that it is duplicitous with Count 1. The court finds that Counts 1 and 3 each require proof of a fact that the other does not require and that Congress did not express an intent to preclude cumulative punishment for the statutes that Defendant allegedly violated. For the reasons stated herein, Defendant's motion is therefore denied because Counts 1 and 3 are not impermissibly duplicitous.

#### i.  *Legal Standard*

At its most basic level, "[m]ultiplicity refers to multiple counts of an indictment which

cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997) (internal citation omitted). "[M]ultiplicity is not fatal" in an indictment, but multiplicitous *convictions* violate the Double Jeopardy Clause. *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (internal citation omitted). Multiplicity occurs when a defendant is charged with violating different criminal statues for the same conduct or multiple violations of the same statute for contemporaneous conduct that may be considered one criminal transaction. *See, e.g., United States v. Patterson*, 760 F. Supp 2d 1116, 1120 (D.N.M. 2009) (citing *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997), *abrogated on other grounds by Jones v. United States*, 526 U.S. 227 (1999)).

Charges brought under separate statutes, but relating to the same underlying conduct, are *not* duplicitous (1) when "each crime requires proof of a fact that the other does not," *United States v. Pearson*, 203 F.3d 1243, 1267 (10th Cir. 2000) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932), or (2) when "Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions[,]" *id.* at 1267–68 (citing *Garrett v. United States*, 471 U.S. 773, 778 (1985)); *see also United States v. Berres*, 777 F.3d 1083, 1090 (10th Cir. 2015). Defendant argues that Count 3 is duplicitous to Count 1 because both counts turn upon his filing of sworn documents in Bankruptcy Court while failing to disclose that the Appliances were part of the bankruptcy estate. But the court disagrees. Counts 1 and 3 are neither duplicitous under the *Blockburger* test nor on the basis that Congress intended not to impose cumulative punishment for violations of 18 U.S.C. §§ 152(3) and 157(1).

### ii.  The Blockburger Test

First, the court must determine whether "each crime" charged in Counts 1 and 3 "require[] proof of a fact that the other does not." *Pearson*, 203 F.3d at 1267 (citing *Blockburger*, 284 U.S.

at 304). If so, the charges are not multiplicitous and the court should deny Defendant's motion to dismiss Count 3.

Counts 1 and 3 are not duplicitous because they each require proof of a fact that the other does not.[1] To convict the Defendant on Count 1, which alleges bankruptcy fraud in violation of 18 U.S.C. § 157(1), the United States must prove three elements: "(1) a specific intent to defraud; (2) a scheme to defraud; and (3) filing a bankruptcy petition to conceal or execute that scheme." *United States v. Spurlin*, 664 F.3d 954, 964 (5th Cir. 2011).[2] To convict the Defendant on Count 3, which alleges false-statement bankruptcy fraud in violation of 18 U.S.C. § 152(3), the United States must prove that Defendant "knowingly and fraudulently ma[de] a false declaration, certificate, verification, or statement under penalty of perjury" in his bankruptcy proceeding. 18 U.S.C. § 152(3). Count 1 thus requires the United States to prove a fact that Count 3 does not require, because "knowingly and fraudulently making a false declaration on a bankruptcy petition in violation of 18 U.S.C. § 152(3) . . . has no elements relating to a scheme, conspiracy or pattern." *See Ewan v. United States*, No. 11-CV-06254 (FB), 2012 U.S. Dist. LEXIS 120073, at *9 (E.D.N.Y. Aug. 23, 2012) (citing *United States v. Lawrence*, 189 F.3d 838, 847 (9th Cir. 1999)). Count 3 also requires the United States to prove a fact that Count 1 does not require. The act charged in Count 1 ("filing a bankruptcy petition to conceal or execute" a scheme to defraud") *could* be accomplished by the act charged in Count 3 (filing "a false declaration, certificate,

---

[1] The court has not found any precedential opinions directly on point to Defendant's claim that 18 U.S.C. §§ 157(1) and 152(3) are duplicitous. However, the court notes that at least three Circuit Courts of Appeal have upheld simultaneous convictions under these statutes, albeit without discussion of multiplicity under the Double Jeopardy Clause. *See, e.g., United States v. Hayford*, 354 Fed. App'x 720 (3d Cir. 2009); *United States v. Harley*, 685 Fed. App'x 133 (3d Cir. 2017); *In re Carter*, 2016 U.S. App. LEXIS 24303 (6th Cir. Nov. 1, 2016) (unpublished); *United States v. Baidoobonsoiam*, 2023 U.S. App. LEXIS 26424 (10th Cir. Oct. 5, 2023) (unpublished).

[2] The Tenth Circuit recently cited *Spurlin* favorably, adopting the Fifth Circuit's opinion "listing the elements for bankruptcy fraud under § 157(1)." *See United States v. Yurek*, 925 F.3d 423, 440 n.18 (10th Cir. 2019) (citing *Spurlin*, 664 F.3d at 964).

verification, or statement under penalty of perjury" after the bankruptcy petition has been filed).

But the government would not *have to* prove that the Defendant filed a false declaration, certificate,

verification, or statement under penalty of perjury to convict the Defendant under Count 1, whereas

such conduct is necessary to support a conviction under Count 3. *See United States v. Benoit*, 713

F.3d 1, 13–14 (10th Cir. 2013) (citing *Ball v. United States*, 470 U.S. 856 (1985)) (referring to

criminal charges as being violative of the *Blockburger* test only if the facts required to prove one

count "necessarily" are sufficient to prove the other count).

Counts 1 and 3 therefore "each . . . require[] proof of a fact that the other does not[.]"

*Pearson*, 203 F.3d at 1267 (citing *Blockburger*, 284 U.S. at 304). The fact that the United States

may prove Count 1 in part by pointing to evidence that also supports Count 3 does not undermine

this conclusion because "*Blockburger* itself is not a same-evidence test but, rather, a 'same-

elements' test." *See United States v. Mier-Garces*, 967 F.3d 1003, 1021–22 (10th Cir. 2020) (citing

*Grady v. Corbin*, 495 U.S. 508, 521 n.12 (1990), *overruled on other grounds by United States v.*

*Dixon*, 509 U.S. 688, 704 (1993)) ("[T]he *Blockburger* test focuses on statutory elements—not

facts or evidence[.]").

Defendant urges the court to reach a different conclusion, relying on two Tenth Circuit

cases, *United States v. McIntosh*, 124 F.3d 1330 (10th Cir. 1997) and *United States v. Moser*, 453

Fed. App'x. 762 (10th Cir. 2011). Defendant's reliance on these cases, however, is unavailing.

In *McIntosh*, the Tenth Circuit held that a district court committed plain error by denying

a motion to dismiss two counts because they were multiplicitous. 124 F.3d 1330, 1336–37 (10th

Cir. 1997). The charges at issue alleged concealment in violation of 18 U.S.C. § 152(7) and making

a false statement in violation of 18 U.S.C. § 152(3). *Id.* at 1336. The Tenth Circuit's decision relied

upon the conclusion that charges for concealment of an act and a false statement of that same act

are "another name for the same rose[.]" *Id.* at 1337 (quoting *United States v. Montilla Ambrosiani*, 610 F.2d 65, 68 (1st Cir. 1979), *cert. denied*, 454 U.S. 930). The court explained that the defendant's charges were multiplicitous because instead of making his required disclosure to avoid concealment charges, the defendant made a false statement relating to the same act of concealment, which led to the second charge against him. *Id.* at 1336–37. The defendant thus "committed both offenses charged with the same act—the false statement[.]" *Id.*

The present case is distinguishable. *McIntosh* involved simultaneous prosecutions for charges brought under 18 U.S.C. §§ 152(3) and (7). Defendant was originally charged with the same offenses in Counts 2 and 3 of the indictment. *See* ECF No. 1 (citing 18 U.S.C. § 157(1) and 18 U.S.C. §§ 152(1)–(3) and (6)). The dismissal of Counts 2 and 4, however, removed *McIntosh*'s controlling authority. *See Yurek*, 925 F.3d at 439 ("But Mrs. Yurek was not convicted of violating either § 152(3) or §152(7), so *McIntosh* does not control.").

The court is certainly bound to recognize *McIntosh*'s holding that charges alleging concealment and false statements relating to the same property in bankruptcy are one act for multiplicity purposes. But the same logic does not apply in the present case. In *McIntosh*, the Tenth Circuit did not apply the *Blockburger* test because the court held that a false statement in violation of 18 U.S.C. § 152(3) and concealment in violation of 18 U.S.C. § 152(7) were literally the same act—the two statutes not only required the same elements but were determined to be the same charge. 124 F.3d at 1336–37. By contrast, the court already held above that Counts 1 and 3 each require proof of a fact that the other does not. Defendant did not address this critical distinction between *McIntosh* and the present case, which the court finds must be resolved based on *Blockburger*'s binding precedent.

Next, Defendant turns to *United States v. Moser*. The *Moser* court held that *McIntosh* did

not apply when a defendant was charged with concealing "different property interests on different dates." 453 Fed. App'x 752 at 766–67. Defendant asserts that *Moser*'s precedent compels the court to "look at the asset rather than the number of acts (the number of alleged false statements) taken to hide the asset from the bankruptcy court." ECF No. 57, at 8. As discussed previously, however, Count 1 is not a charge for concealment or making a false statement to continue concealing an asset from the Bankruptcy Court. As a result, it is irrelevant whether the court considers the numbers of assets at issue or the number of acts of concealment; neither standard would lead the court to conclude that a scheme to defraud is the "same act" as making a false statement regarding an asset after filing bankruptcy. The mere fact that the United States alleges the Defendant carried out his scheme to defraud in part by making false statements and concealing assets does not bring this case into the purview of *Moser*.

From the foregoing, the court concludes that Counts 1 and 3 are not duplicitous under the *Blockburger* test because each of these charges requires proof of an element that the other does not require. *See Pearson*, 203 F.3d at 1267 ("A person may be prosecuted for more than one crime based on the same conduct if . . . each crime requires proof of a fact that the other does not[.]") (citation omitted). This conclusion is sufficient to end the inquiry and deny Defendant's motion to dismiss Count 3. Nonetheless, the court proceeds to consider the parties' arguments regarding legislative intent to impose cumulative punishment under §§ 157(1) and 152(3), concluding that Congress's intent provides a second reason to deny Defendant's motion.

### iii.  Congress's Intent to Provide for Cumulative Punishment

Prosecutions for more than one crime based on the same conduct are also not impermissibly duplicitous if "Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions[.]" *Pearson*, 203 F.3d at 1267–68 (citing *Garrett*

*v. United States*, 471 U.S. 773, 778 (1985)). Furthermore, "we presume," the Tenth Circuit has instructed, "absent express Congressional intent to the contrary, that Congress intended multiple convictions and sentences for the same criminal behavior which violates more than one statute" so long as those statutes are not multiplicitous under *Blockburger*. *United States v. Benoit*, 713 F.3d 1, 12 (10th Cir. 2013) (citing *United States v. Morehead*, 959 F.2d 1289, 1506 (10th Cir. 1992)). The court thus presumes that Congress intended to provide for cumulative punishment under Counts 1 and 3 because those charges each require an element that the other does not. The conclusion that Congress intended to impose cumulative punishment for violations of 18 U.S.C. §§ 157(1) and 152(3) is further strengthened by the relevant legislative history discussed in the United States' opposition brief. *See United States v. Milwitt*, 475 F.3d 1150, 1154–55 (9th Cir. 2007) (citing Craig Peyton Gaumer, *Bankruptcy Fraud: Crime and Punishment*, 43 S.D. L. Rev. 527, 532, 535 (1998)) (discussing § 152(3)'s history as being focused on legislative enactments to "criminalize[] fraudulent and perjurious acts by debtors . . . in connection with a bankruptcy" and § 157(1)'s history as being focused in a much later effort in the mid-1990s to "deter[] a person from using the bankruptcy process to further [] fraudulent schemes."). Even if Counts 1 and 3 required the United States to prove the same elements, the court would therefore find that the charges are not duplicitous because Congress intended to provide for cumulative punishment for violations of 18 U.S.C. §§ 157(1) and 152(3).

### C.  CONCLUSION

For the reasons stated herein, the United States's motion for leave to dismiss Counts 2 and 4 (ECF No. 69) is GRANTED and Defendant's amended motion to dismiss Count 3 is DENIED.

## II.  MOTIONS *IN LIMINE*

The court now turns to the parties' motions *in limine*, ECF Nos. 52 and 54. At oral

argument, the court concluded that portions of these motions necessarily turn on uncertain facts, such as the particular context in which a given exhibit will be introduced at trial and the use for which that exhibit is offered. As a result, and as further explained below, certain portions of the motions *in limine* (ECF Nos. 52 and 54) are denied without prejudice. At trial, the parties may renew their objections on these matters as necessary, consistent with the legal principles discussed herein.

### A.  DEFENDANT'S MOTION *IN LIMINE*

First, the court discusses the Defendant's motions *in limine*. ECF Nos. 52. Defendant wishes to preclude the United States from introducing the Bankruptcy Court's orders granting summary judgment in favor of the Trustee and denying Defendant's discharge for violations of various provisions of 11 U.S.C § 727. The Defendant also hopes to prohibit the United States's expert witness from testifying that Defendant's discharge was (or should have been) denied by the Bankruptcy Court. ECF No. 52. For the reasons stated herein, Defendant's motions *in limine* are GRANTED.

### i.  *Bankruptcy Court Orders*

Defendant seeks the exclusion of Bankruptcy Court orders on the basis that such orders constitute inadmissible hearsay or are otherwise inadmissible under Federal Rule of Evidence 403. Specifically, Defendant seeks an order excluding the Bankruptcy Court's order granting the Trustee's motion for summary judgment as well as the Court's order denying Defendant's discharge.[3] The United States responds to Defendant's motion rhetorically: if these court orders were inadmissible, would Exhibits B–J and S–V not also be inadmissible?[4] If these orders were admissible, on the other hand, would justice not be best served by permitted the United States to tell the rest of the story to the jury

---

[3] Adversary Proceedings #: 18-02023, Dkt. Nos. 24, 25.

[4] In the United States's motion *in limine*, it moved to exclude Exhibits B–J and S–V on the bases that those exhibits were irrelevant under Fed. R. Evid. 401 and 402 or inadmissible under Fed. R. Evid. 403. The United States did not, however, move to exclude these exhibits on the basis that they are inadmissible hearsay (despite its rhetorical musings in response to Defendant's motion *in limine*).

regarding the Defendant's conduct before the Bankruptcy Court and what that court concluded regarding whether the appliances at issue were property of the estate? The answer to both questions is "no" because the Bankruptcy Court orders that Defendant seeks to exclude suffer from two defects that preclude their admission.

First, orders from the Bankruptcy Court are hearsay evidence. They are out-of-court statements written by a judge, which are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). As a result, these orders are inadmissible unless they fall within a hearsay exception. *See* Fed. R. Evid. 802. The most plausibly relevant exception would be Federal Rule of Evidence 803(8), which permits admission of "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law." Importantly, however, "Rule 803(8) was not intended to allow the admission of findings of fact by *courts*[,]" but only by out-of-court "investigators." *See Herrick*, 298 F.3d at 1192 (emphasis added). Any contrary construction of the Federal Rules of Evidence would "effectively eliminate the narrow nature of these hearsay exceptions and render them redundant." *Id.* Moreover, there is significant risk that the jury would give "disproportionate weight" to any findings in court orders "because of the imprimatur that has been stamped upon them" by the Bankruptcy Court. *Id.* (quoting *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993)). As a result, Defendant's motion to exclude the Bankruptcy Court's orders granting summary judgment in favor of the Trustee and denying Defendant's discharge for violations of various provisions of 11 U.S.C § 727 is granted.

Notwithstanding the fact that the Bankruptcy Court's orders are inadmissible hearsay evidence, the court notes a second critical issue with these exhibits. As the Defendant argues, there is significant risk that a jury would give disproportionate weight to findings of fact contained in the objected-to orders because they are issued from the Bankruptcy Court itself. *See, e.g., Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002). At the same time, the court notes that the standard of proof applied in the

Bankruptcy Court requires a party to prove less than the "beyond a reasonable doubt" standard applicable in criminal matters before this court. The court thus concludes that there is not only a risk of the jury granting the Bankruptcy Court's findings of facts undue weight, but also of the jury taking the Bankruptcy Court's conclusions to be sufficient to return a verdict in this court, despite the differential burden of proof. For this reason, the court would exclude exhibits consisting of orders from the Bankruptcy Court pursuant to Federal Rule of Evidence 403 on the basis that the risk of confusion and unfair prejudice substantially outweighs those exhibits' relevance to the matters at issue.

### ii. Trustee Expert Testimony

Defendant also seeks an order precluding the United States's expert witness from testifying that the bankruptcy court denied Defendant's discharge or that it should have done so. Defendant anticipates that the United States will call its expert witness, who was the Trustee in the underlying bankruptcy proceeding, to testify regarding why he objected to Defendant's discharge in the Bankruptcy Court and why the Court sided with the Trustee on that issue. Testimony on these issues, Defendant argues, would "necessarily include discussion about whether Mitchell acted with the required mental state when he filed for discharge and when he did not disclose the appliances in his Statement of Financial Affairs." ECF No. 52, at 6. Thus, Defendant asserts, the Trustee's expert testimony would violate Federal Rule of Evidence 704(b), which prohibits an expert witness from stating his or her opinion regarding whether a defendant had a mental state that constitutes an element of the crime charged. *Id.* This portion of Defendant's motion is unopposed, and the court finds it to be well supported. The United States's expert witness therefore may not testify as to why he objected to Defendant's discharge in the Bankruptcy Court or why the Court did or should have agreed with him on that issue. Otherwise, the Trustee would necessarily testify as to the Defendant's mental state, which is an element of the crimes with which he has been charged, in violation of Federal Rule of Evidence 704(b).

### B.  THE UNITED STATES'S MOTION *IN LIMINE*

The United States requests an order precluding the Defendant from using or introducing Exhibits B–J and S–V, which are Bankruptcy Court records related to the trustee's litigation or settlement of creditor claims in the underlying bankruptcy (Exhibits B–D and S–V) and the Trustee's obtaining of approval to sell certain property (Exhibits E and F). These questions, which go to the relevance of various records relating to the Bankruptcy Court's proceedings and related matters, are inherently dependent upon the context in which these exhibits are introduced or used. As a result, the United States's motion *in limine* is DENIED without prejudice. The United States may renew these objections at trial in the event that Defendant moves to introduce exhibits B–J or S–V or attempts to use those exhibits in a manner that renews the relevancy of the United States's objection. The court will apply the following considerations to any renewed objections.

#### i.  *Relevance*

"Evidence is relevant if . . . it has any tendency to make a fact more of less probable . . . and  . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. The United States insists that Exhibits B–J and S–V do not constitute relevant evidence and thus must be excluded pursuant to Federal Rule of Evidence 402:

> Whether a trustee litigates or compromises creditor claims in a bankruptcy case is irrelevant to whether the defendant intended to defraud the trustee, his creditors and the bankruptcy court by failing to disclose property of the estate (Exhibits B-D and S-V). How a trustee obtains court approval to sell property is also irrelevant to whether the defendant intended to defraud by failing to disclose property of estate (Exhibits E and F). How a trustee distributes proceeds from court-approved sale of property is irrelevant as well to whether the defendant intended to defraud by failing to disclose property of estate (Exhibits H, I and J). How a trustee reports the distribution of proceeds from the sale of property is equally irrelevant to whether the defendant's intent to defraud by failing to disclose property of the estate (Exhibits G and I). None of these exhibits have anything to do with the defendant's intent to defraud – not one.

ECF No. 54, at 9.

The Defendant emphatically disagrees. Defendant urges the court to deny the United States' motion to exclude these exhibits based on their relevance because any such objection could be brought during cross examination if the exhibits prove to be irrelevant at that time. ECF No. 63, at 3 (quoting Fed. R. Evid 401(a) and (b)). The Defendant also offers explanations regarding how several of the objected-to exhibits may well be relevant to his defense. *See id.* at 3–4.[5]

The United States may raise its objections to the relevance of Exhibits B–J and S–V at trial in the event that these exhibits do not meet the standard set forth in Federal Rules of Evidence 401 and 402. To exclude the Defendant's exhibits at this stage, however, could threaten to deny the Defendant his right to "a meaningful opportunity to present a complete defense[,]" to which he is constitutionally entitled. *Holcomb v. Whitten*, 836 F.3d App'x 682, 686 (10th Cir. 2020) (unpublished) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("This right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve.")). The court therefore declines the United States's invitation to exclude each of the challenged exhibits on the basis of relevance prior to trial.

### ii. *Rule 403*

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" may arise when evidence creates an "undue tendency to suggest [a] decision on an improper basis, commonly, though

---

[5] Defendant argues that Exhibits B and others prove that Mr. Taylor asserted that the appliances were not the bankruptcy estate's property, which is relevant in determining whether Defendant knew the appliances were the bankruptcy estate's property; Exhibits D and others prove that Gordon Jensen Trucking claimed the ownership of the appliances, which is relevant to the determination of the Defendant's state of mind regarding his ownership of the appliances at the time he filed for bankruptcy; Exhibit G and others prove that the Trustee did not consider Mr. Taylor to be a secured creditor, which is relevant to the determination of whether the Defendant had reason to believe that Mr. Taylor was secured; and Exhibit T and others prove that Mr. Taylor controlled the appliances (and that the Defendant consequently did not have the appliances when he filed for bankruptcy), which is relevant to the determination of what disclosure obligations the Defendant had when he filed for bankruptcy. ECF No. 63, at 3–4.

not necessarily, an emotional one." *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018) (quoting Fed. R. Evid. 403 advisory committee note to 1972 proposed rules) (alteration in original). "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules[,]" however, "is an extraordinary remedy and should be used sparingly." *United States v. Oldman*, 979 F.3d 1234, 1250 (10th Cir. 2020) (quoting *Silva*, 889 F.3d at 712). The United States asserts that Defendant's "introduction or use of Exhibits B–J and S–V at trial will do nothing more than distract, confuse and mislead the jury, waste their time and the court's time and result in unnecessarily delay of the trial." ECF No. 54, at 10. The United States offers two examples in support of its claim.

First, the United States argues that Exhibits B–J, which document the Trustee's settlement of claims with two creditors, contain information that the jury need not consider to determine whether the Defendant is guilty of the offenses with which he has been charged and therefore "run the unnecessary risk of confusing the jury about the issues and resulting in jury nullification." *Id.* This concern appears to be exaggerated. The Defendant has already articulated a limited purpose for which exhibits B–J could plausibly be used at trial. While these exhibits primarily document the Trustee's settlement of claims with creditors, they also contain records relevant to the determination of whether the Defendant knew the appliances were the bankruptcy estate's property, whether the Defendant knew or believed the appliances were his property such that he would need to disclose them when filing bankruptcy, and whether the Defendant had reason to believe that Mr. Taylor was a secured creditor. ECF No. 63, at 3–4. The "extraordinary remedy" of wholly excluding Exhibits B–J under Rule 403 therefore appears to be unnecessary at this stage. *See Silva*, 889 F.3d at 712 (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)). Furthermore, if the Defendant ultimately seeks to use these exhibits at trial in a manner that would substantially risk creating unfair prejudice, confusing the issues, or misleading the jury, any such harm would be readily redressable by the United States renewing its objection.

Similarly, the United States argues that the Defendant's introduction or use of Exhibits S–V, which contain records of the Trustee's efforts to obtain civil remedies to compel the

Defendant to turn over certain property and records and to recover a payment that Defendant made when transferring certain appliances, would be "nothing more than a side show and distraction[.]" ECF No. 5, at 11. Again, the Defendant has proposed a legitimate purpose for these exhibit's introduction at trial. Exhibit T, he has explained, is relevant evidence with some probative value regarding the question of whether Mr. Taylor controlled the appliances (and that the Defendant consequently did not have the appliances when he filed for bankruptcy), which is in turn plausibly relevant to the determination of what disclosure obligations the Defendant had when he filed for bankruptcy. ECF No. 63, at 3–4. Again, the court concludes that these exhibits are not so unduly prejudicial or likely to produce confusion that they must be excluded at this pre-trial stage despite their potential relevancy. *See* Fed. R. Evid. 403. The court denies the United States Rule 403 motion with regard to Exhibits B–J and S–V because these exhibits are relevant evidence and because the United States's concerns over prejudice, delay, or confusion of the issues are remediable through means that are less restrictive on the Defendant's ability to present his whole defense.

## C. CONCLUSION

For the reasons stated above, the Defendant's motion *in limine* is GRANTED. The Bankruptcy Court's orders are inadmissible hearsay, and these exhibits' relevancy is substantially outweighed by the risk of unfair prejudice to the Defendant. The United States's expert witness is also precluded from testifying as to why the Bankruptcy Court did or should have rejected Defendant's discharge or why the Trustee objected to the Defendant's discharge because any such line of questioning would impermissibly amount to expert testimony on the Defendant's mental state, which is an element of the crimes with which he is charged.

The United States's motion *in limine* is DENIED without prejudice. The United States raised colorable arguments regarding the lack of relevancy of certain exhibits proposed by the Defendant, which may also present an unfair risk of prejudice or confusing the issues. But these

issues will be better addressed in the context in which the exhibits are introduced or used at trial. As such, the United States may raise these objections again at trial in the event that they are relevant to exhibits introduced or used by the Defendant.

## III. OBJECTION TO NOTICE OF EXPERT TESTIMONY

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Defendant provided the United States with notice that he may call P. Matthew Cox as a rebuttal expert witness. Mr. Cox is a bankruptcy attorney whom Defendant may call to "explain to the jury how the appliances in the trailers, which were not in Mr. Mitchell's control when he filed the Statement of Financial Affairs and Schedules, may not have been the property of the bankruptcy estate. In addition, Mr. Cox can testify that a Trustee can allow a debtor and their counsel to amend bankruptcy filings at any time." ECF No. 40, at 1–2. The United States objected to Defendant's notice regarding Mr. Cox's testimony on two bases. First, the United States asserts that Defendant's notice failed to comport with the requirements of Federal Rule of Criminal Procedure 16. ECF No. 53, at 1–2. Second, the United States argues that Mr. Cox's testimony would constitute an "instruction to the jury on the law contrary to the Tenth Circuit's holding in *Specht*, 853 F.2d 805." *Id.* at 3–4. The court will address these objections in turn.

### A. RULE 16 NOTICE OF EXPERT TESTIMONY

Under the Federal Rules of Criminal Procedures, a defendant has certain duties to disclose information relevant to his expert witnesses' potential testimony if the defendant first requested disclosure under Fed. R. Crim. P. 16(a)(1)(G) or the defendant gave notice of intent to present expert testimony regarding his mental condition. Fed. R. Crim. P. 16(b)(1)(C)(i). In either of those two situations, the defendant's disclosure for each expert witness must contain the following:

· [A] complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;

- · the basis and reasons for them;
- · the witness qualifications, including a list of all publications authored in the previous 10 years; and
- · a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(iii). In most cases, the defendant's expert witness is also required to sign the notice of expert testimony indicating that he has approved the disclosure made on his behalf. Fed. R. Crim. P. 16(b)(1)(C)(v).

The court is not persuaded that the government will be unable to meet the evidence to be presented by Mr. Cox, who is designated only as a potential rebuttal expert witness, as a result of the alleged deficiencies in the Defendant's notice. Moreover, because Defendant did not request disclosure under Fed. R. Crim. P. 16(a)(1)(G), the court agrees with Defendant in his assertion that he is not obliged to comply with Fed. R. Crim. P. 16(b)(1)(C)(iii). Mr. Cox should have signed the notice of expert testimony pursuant to Fed. R. Crim. P. 16(b)(1)(C)(v), and the court suggests that Defendant should ensure he does so prior to trial. But the court will not sustain the United States's objection to Mr. Cox's testimony prior to trial on this basis alone when Mr. Cox could still substantially remedy the issue. The court therefore proceeds to consider the United States's second reason for objecting to the notice of Mr. Cox's testimony.

## B.  EXPERT LEGAL TESTIMONY

The United States also objects to Defendant's notice of Mr. Cox's expert testimony as an "attempt to instruction the jury on the law[.]" ECF No. 53, at 2–3 (citing *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988) (en banc); *United States v. Messner*, 107 F.3d 1448, 1452–54. (10th Cir. 1997)). The court discusses two concerns regarding this issue, ultimately overruling the United States's pre-trial objection to Mr. Cox's potential testimony as a rebuttal expert witness.

First, the court notes the critical fact that the parties' dispute over the scope of Mr. Cox's

18

expert testimony is not only speculative (in that the Defendant may determine not to call Mr. Cox as a witness) but may be entirely moot. Defendant's notice regarding Mr. Cox's testimony stated that Mr. Cox may "explain to the jury how the appliances . . . may not have been the property of the bankruptcy estate" when Defendant filed his Statement of Financial Affairs and its associated schedules. ECF No. 40. In Defendant's response to the United States's objection to the notice of Mr. Cox's expert testimony, Defendant elaborated on his theory regarding the relevance of Mr. Cox's testimony, explaining that whether property is part of the bankruptcy estate is a question of fact for the jury, "[a]nd, the essential element of section 152(1), concealment," which is "count 2 in this case, is 'the concealment of property belonging to the estate.'" ECF No. 62, at 4 (quoting *United States v. Mitchell*, 476 F.3d 539, 543 (8th Cir. 2007)). From this response, the court understands Defendant to be representing that Mr. Cox's proposed testimony instructing the jury on the potential relevance of the Tenth Circuit's decision in *Rajala v. Gardner*, 709 F.3d 1031, 1038 (10th Cir. 2013), would relate only to the concealment charge brought in Count 2 of the indictment. And as discussed previously in this order, Count 2 has been dismissed pursuant to the United States's motion for leave to dismiss Counts 2 and 4. The court therefore finds it unlikely—unless new facts emerge at trial—that expert testimony regarding when or whether certain property became part of the bankruptcy estate would be relevant to the Defendant's defense or any other matter in this case. The court therefore overrules the United States's objection to the Defendant's notice of Mr. Cox's testimony, the matter appearing to have been mooted by the dismissal of Count 2. The United States is free to raise this objection again at trial if it proves to be relevant to the issues in dispute.

Notwithstanding the court's decision to overrule the United States's objection, the court must emphasize the Tenth Circuit's decision in *Specht*, which this court is bound to follow. In its

*en banc* rehearing of that case, the Tenth Circuit directly considered the question disputed by the parties: "whether Fed. R. Evid. 702 will permit an attorney, called as an expert witness, to state his views of the law which governs the verdict and opine whether defendants' conduct violated that law." 853 F.2d at 806. "While testimony on ultimate *facts* is authorized under Rule 704," the court instructed, "testimony on ultimately questions of law is not favored" because such testimony is not helpful to the jury and "circumvents the jury's decision-making function by telling it how to decide the case." *Id.* at 808. As an extension of the prohibition on expert testimony regarding ultimate issues of law, the Tenth Circuit held that expert testimony is also impermissible when it "articulates the ultimate principles of law governing the deliberations of the jury." *Id.* "[O]ur system[,]" the court underlined, "reserves to the trial judge the role of adjudicating the law for the benefit of the jury. When an attorney is allowed to usurp that function, harm is manifest in at least two ways." *Id.* at 808–09. First, there is risk that a jury may believe an attorney-witness, imbued with the title "expert," regarding what the law is, coming at the expense of the judge whose role it is to instruct the jury on the applicable law. *Id.* at 809 (citing *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 512 (2d Cir. 1977)). Second, "[i]f one side is allowed the right to call an attorney to define and apply the law," the other side can reasonably be expected to rebut that testimony, creating potential for juror confusion caused by conflicting expert testimony regarding the legal standard to apply, "and that confusion may be compounded by different instructions given by the court[.]" *Id.* (citing *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986); *United States v. Ingredient Technology Gorp.*, 698 F.2d 88, 97 (2d Cir. 1983)).

From the parties' briefs and oral argument, the court is aware that both parties are apprised of *Specht* and other Circuit precedents on this issue. The court thus merely informs counsel that in light of these authorities, the court will be required to sustain objections at trial to either party's

expert testimony when such testimony veers too far into the realm of instructing the jury on the applicable law.

### C.  CONCLUSION

As the court articulated above, the United States's objection to Defendant's notice regarding Mr. Cox's testimony as a rebuttal expert witness (ECF No. 53) is OVERRULED without prejudice, the United States being permitted to raise its objection again at trial if appropriate. The United States may raise this objection again at trial if it proves relevant to the issues in dispute. At that point, the court will rule on the objection and address what remedy (if any) is proper in the event that one party's expert witness attempts to instruct the jury on the appropriate legal standard to apply. The court will not permit the United States to call an expert witness to testify in this manner while precluding the Defendant from doing so. The court also notes that at least one Tenth Circuit panel has upheld a conviction notwithstanding expert testimony as to the legal standard to apply when the jury was repeatedly instructed to disregard any expert testimony contradictory to the court's jury instructions. *See Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1371 (10th Cir. 1977). Any further decisions on this issue will be made at a later date in the event that Mr. Cox is called to testify to ultimate issues of law or to instruction the jury on the law that the jury should apply and the United States renews its objection.

### IV.    MOTION TO COMPEL

Finally, the United States filed a motion to compel Defendant to provide notice of his intent to raise an advice-of-counsel defense. At oral argument, Defendant's counsel advised the court that the parties had discussed this matter and the United States's counsel represented that he would stipulate to removing this item from the court's agenda. Recognizing that the movant voluntarily abandoned this motion, the motion to compel (ECF No. 49) is DENIED.

**CONCLUSION AND ORDER**

For the reasons stated here, the court hereby **ORDERS** as follows:

1. The United States's motion for leave to dismiss Counts 2 and 4 (ECF No. 69) is **GRANTED**.

2. Defendant's amended motion to dismiss Count 3 (ECF No. 57) is **DENIED**.

3. Defendant's motion *in limine* (ECF No. 52) is **DENIED** without prejudice.

4. The United States's motion *in limine* (ECF No. 54) is **DENIED** without prejudice.

5. The United States's objection to the Defendant's notice of expert testimony (ECF No. 53) is **OVERRULED**.

6. The United States's motion to compel (ECF No. 49) is **DENIED**.

Signed March 14, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge