IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br> v. <br><br> **RICHARD VILLANUEVA MITCHELL**, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY LEAD COUNSEL FOR THE GOVERNMENT** <br><br> Case No. 2:22-CR-00173-JNP <br><br> District Judge Jill N. Parrish |

This case was previously set for a four-day jury trial to begin on March 26, 2024. ECF No. 37. On March 22, 2024, Mr. Mitchell filed an emergency motion seeking to disqualify Cy H. Castle, who was to be the lead counsel for the Government at trial. ECF No. 88. Mr. Mitchell argued that "Mr. Castle has had a personal relationship with a material witness, Clint Jensen," which Mr. Mitchell believed presented a conflict of interest that the Government had failed to disclose until the eve of trial. *Id.* at 1. Hours after receiving Mr. Mitchell's motion, the court convened a hearing on the issue. ECF No. 92. At the hearing, the court continued the trial date, determining that it had an obligation to allow Mr. Mitchell to present a substantive argument in support of his motion to disqualify the Government's lead counsel. *See, e.g., United States v. Straughter*, 950 F.2d 1223, 1233 (6th Cir. 1991) ("When a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter . . . ."). The court therefore set a briefing schedule for the motion notwithstanding the Government's offer to have another attorney try the case in Mr. Castle's stead. ECF No. 92.

In its memorandum opposing Mr. Mitchell's motion, the Government renewed its offer to proceed to trial without Mr. Castle. ECF No. 98, at 21 ("The United States informed this Court and counsel that it would proceed to trial without AUSA Castle. The United States has not altered

that position."). Based upon this renewed offer, the Government argues that "the Motion to Disqualify AUSA Castle is moot." *Id.*

The court held oral argument on the motion to disqualify Mr. Castle on April 23, 2024. Although Mr. Castle did not argue the motion on the behalf of the Government, he was seated at counsel table throughout the hearing. Mr. Mitchell's counsel also argued that Mr. Castle had continued to be involved in prosecuting the case up until that time notwithstanding the Government's offer to proceed without Mr. Castle's involvement. Following a colloquy with the court, Mr. Castle's co-counsel indicated that Mr. Castle would formally withdraw from the case. ECF No. 99. Mr. Mitchell's counsel then agreed that if Mr. Castle were to withdraw from the case, the pending motion to disqualify would become moot. ECF No. 99. Mr. Castle filed a notice of withdrawal of counsel the same day. ECF No. 101.

Mootness ensures that a "genuine, live dispute between adverse parties" exists at all stages of a case, thereby preventing the court from issuing an advisory opinion. *See Carney v. Adams*, 141 S. Ct. 493, 498 (2020); *Genesis Healthcare Corp v. Symczyk*, 569 U.S. 66, 71–72 (2013). The party asserting that a matter is moot generally faces a "'stringent' burden of persuasion" that it must meet by "showing that 'subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1165 (10th Cir. 2023) (quoting *Friends of the Earth v. Laidlaw*, 528 U.S. at 189). The "crucial question" in the court's mootness inquiry is therefore whether granting relief "*will* have some effect in the real world." *Id.* (quoting *Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009)) (emphasis added). When an alleged injury is no longer redressable through a judicial decision, "a live controversy ceases to exist, and the [issue] becomes moot." *Id.* (citing *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015)).

Mr. Castle has now formally withdrawn from the case and will not represent the Government at trial. ECF Nos. 99, 101. As a result, the court cannot reach any conclusion except that Mr. Mitchell's motion to disqualify Mr. Castle is moot. Mr. Mitchell's motion alleged that Mr. Castle's representation of the Government at trial would create "an appearance of impropriety" and "would have violated *Brady* if this Court had not continued the jury trial." *Id.*, at 4–7. But the court did continue the jury trial, granting Mr. Mitchell the opportunity to file a memorandum in support of his motion. Any appearance of impropriety allegedly caused by Mr. Castle's continued representation of the Government cannot be reasonably expected to recur because Mr. Castle has withdrawn from representing the Government in this matter. In short, if the court were to grant Mr. Mitchell's motion and disqualify Mr. Castle from continuing to represent the Government in this matter, that order would amount to an impermissible advisory opinion that would have no "effect in the real world." *Oliver*, 57 F.4th at 1165. As a result, Mr. Mitchell's motion is necessarily moot.

Consistent with this Memorandum Decision and Order, Defendant's Motion to Disqualify Lead Counsel for the Government (ECF No. 95) is **DENIED** as moot.

Signed April 30, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge